Filed 12/12/24  P. v. Pesch CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN PESCH,<br><br>　　　　Defendant and Appellant. | A169937<br><br>(Humboldt County<br>Super. Ct. No. CR2201456) |

Appellant Benjamin Pesch (appellant) appeals from a judgment following his guilty plea to committing a lewd and lascivious act upon a child of 14 or 15 years old when he was at least 10 years older than the victim. (Pen. Code, § 288, subd. (c)(1).)[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm.

---

[1] All undesignated statutory references are to the Penal Code.

1

BACKGROUND

In March 2023, appellant was charged by information with committing a lewd and lascivious act in May 2020 upon then-15-year-old John Doe, when appellant was at least 10 years older than Doe. According to the preliminary hearing testimony, appellant admitted to law enforcement that he had touched Doe's inner thigh while Doe was sleeping.

In November 2023, appellant pled guilty in exchange for an agreement that the People would not oppose probation and would not file charges with respect to another victim who had come forward. The plea agreement provided that jail time would be left open to the court and that the plea would result in lifetime registration as a sex offender.

In February 2024, the court imposed the low term of one year in prison, suspended execution of sentence, and placed appellant on two years' probation. The court ordered appellant to serve 120 days in jail. The court denied appellant's claim that the lifetime sex offender registration requirement pursuant to section 290, subdivision (d)(3)(C)(ix) violated equal protection because the registration requirement period was limited for people convicted of lewd and lascivious acts on a child under 14 years old (§ 288, subd. (a)). The court imposed fines and fees, and awarded presentence custody credits. Appellant filed a notice of appeal but did not request a certificate of probable cause.

DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings. Appellant completed a plea form that described the constitutional rights he was waiving by entering a guilty plea, the trial court confirmed appellant understood he was giving up those rights, and the court found appellant freely and intelligently waived those rights. The preliminary

2

hearing testimony provided the factual basis for the plea. Appellant was advised of the consequences of his plea.

The sentence was consistent with the plea agreement. The court properly denied appellant's equal protection challenge to the lifetime sex offender registration requirement. (*Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 512 ["while we recognize section 288, subdivisions (a) and (c)(1) share similarities in the prohibited conduct and intent, the age differential required by subdivision (c)(1) is a meaningful distinction demonstrating that persons violating the two statutes are not similarly situated"].)

## DISPOSITION

The judgment is affirmed.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A169937)

3